LEE, ET AL. vs. DAVID.

Where there is no evidence to authorize a recovery by plaintiff, the court can so instruct the jury. Such instruction is in effect a demurrer to the evidence.

## APPEAL from St. Louis Court of Common Pleas.

CARROLL, *for Appellants, insists:*

That the instruction given by the court below, and which compelled the plaintiffs to submit to a non-suit was erroneous, for it assumed that there was no evidence before the jury from which they could infer a demand.

It was in proof that in May, 1839, the defendant received on the note $100. On 10th July, the defendant or his clerk called for more money, saying that Lee, one of the plaintiffs, had gone up the river and *wanted the money on his return.* Certainly here was evidence from which the jury might infer that Lee had called for his money.

It is also material to observe that the money was paid to defendant in *1839; the suit was not* brought until more than four years afterwards.

It was also in proof that the defendant in 1843, wrote two letters to the witness, inquiring about the payments made on the note. From this the jury might have inferred that a dispute existed between the plaintiffs and defendant about the receipt of the money by defendant, and in case of such dispute no formal demand would have been necessary.

SPALDING & TIFFANY, *for Appellee, insist:*

That there is no evidence of a demand. All the evidence touching this subject is in the second deposition of Philips. Philips says, that the money was demanded of him by one of the Davids, (there being two of them, brothers, residing at Burlington) who called on him (the witness) in the street, to pay the balance of the money, saying that Lee had gone up the river and wanted the money on his return; and that soon after, he, the witness, paid a part of it, and some five or six days after that, paid the residue to Barton T. David, a brother of defendant, who was about the store and he supposed a clerk of defendant; when asked which of the Davids called on him, Philips replied, that he did not know which of them it was. This was in July, 1839. In 1843, as Philips stated, Lindell wrote to him asking about the debt and whether he had paid the money to David, and he answered, he had paid part to Lee, and part to David, and taken up the note. A few days after, he received a letter from David, on the same subject, inquiring if he had not paid the money to the Lees, and not to him, which he answered, as he had to Lindell. David again wrote to him to learn whether he, Philips, had the note, and requested of Philips that he would inform him of all he knew about it. All the payments were made to Barton T. David, the brother of the plaintiff.

The Davids both lived in Burlington, Iowa Territory, and the plaintiffs at St. Louis. This was all the testimony on the subject, when the court instructed the jury, that there was no demand proved, in other words, "*no evidence of any demand before them.*" Benton vs. Craig, 2 Mo. R.; 198, money received by agent cannot be sued for till demand made. Burton vs. Collins, 3 Mo. R., 315; 2 Blackford, 26, where there is no evidence of a material fact which is necessary to plaintiff's recovery, the court should instruct the jury if called on to that effect, &c.

*Lee, et al. vs. David.*

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by the plaintiffs against the defendant in the Common Pleas Court of St. Louis. The declaration contained the common counts. Plea, the general issue, with a notice of set off. On the trial, the plaintiffs took a non-suit with leave to move to set the same aside, which they subsequently did, when the court over-ruled the motion, to which they excepted and appealed to this Court.

The bill of exceptions contains all the evidence given in the Circuit Court, and consists of two depositions of one John Philips. The first deposition not relating to the question raised in the instruction of the court, will not be further noticed. In the second deposition, Philips states in substance, that being indebted to the plaintiffs, by note, he had a settlement in the store of the defendant, and paid the plaintiffs some money, and executed to them a new note for $300, which was left with the defendant for collection. That sometime thereafter, defendant called on witness and informed him that he held the note for collection, when witness paid $100, which was credited on the note. Two or three months afterwards, either the defendant or his clerk, B. T. David, called on the witness in the street for the balance of the note, saying that Lee had gone up the river and wanted it on his return. He paid $100 that evening to the clerk of the defendant and saw him endorse the credit on the note. In a few days thereafter, he paid to the clerk the balance, $125, of the note and interest, and took up his note. That the clerk to whom he made the payments was doing business in the defendant's store as clerk.

That three or four years after the payments last named, witness received letters from both plaintiffs and defendant, inquiring of him concerning the transaction which he answered by saying that he had paid a part of the notes to the Lees and a part to the Davids.

The court thereupon instructed the jury as follows:

If the jury find from the evidence that the plaintiffs left the note against Philips with the defendant for collection, they were bound to demand payment of the sum collected before they can maintain an action therefor; no such demand having been proved, the jury are bound to find for the defendant.

No principle is better settled than that embraced in the first part of the instruction. No authority is necessary to establish it, as its correctness is self evident to the mind of every one. Is there any legal objec-

tion to the last clause of the instruction? It is the duty of the court, if called upon, to define to the jury what constitutes a legal demand, and it then becomes their duty to inquire whether the evidence establishes the demand. Like other issues between the parties, it does not require direct, positive proof, but may be established by circumstantial or inferential evidence.

If however, there is *no evidence* from which a demand can be legally inferred, the defendant may at his option let the case go to the jury under the instruction of the court that it is necessary to prove a demand, or he may, as was done in this case, ask the court to declare that upon the evidence the plaintiffs cannot recover. The instruction is then, in effect, a demurrer to the evidence, and aught not to be sustained if there is any evidence conducing to establish a demand.

Without recapitulating the evidence, we are of opinion that the only facts, upon which any reliance whatever could be placed, to establish the demand, are too remote and uncertain to be relied upon.

The judgment of the Court of Common Pleas ought to be affirmed.— Judge NAPTON concurring, it is affirmed.